# In the United States Court of Federal Claims

No. 19-649

(Filed: November 4, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JANINE-RAE CAMP, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is **GRANTED**.

### Background[1]

Plaintiff appears to be an adherent of the sovereign citizen movement. Compl. ¶ 3. "Sovereign citizens" believe that, although a person is born and resides in the United States, he is his own sovereign and not a United States citizen. Ammon v. United States, 142 Fed.Cl. 210, 214 (Fed. Cl. 2019). Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to, among other acts, avoid paying taxes, extinguish debts, and derail criminal proceedings." Id. The sovereign citizen movement teaches that citizens may recover "profits" held in their "secret, individual trust accounts" by employing a process known as "redemption". Gravatt v. United States, 100 Fed. Cl. 279, 283 (2011) (quoting Bryant v. Wash. Mut. Bank, 524 F.Supp.2d 753, 759 (W.D. Va. 2007).

Plaintiff's complaint, filed April 26, 2019, describes how she was "born the Posterity of the Founding Fathers" and "was converted into a citizen of the UNITED STATES D.C." by the filing of her birth certificate. Compl. 4. Plaintiff refers to her social security number as her "Trust #" and references various "Trusts," "Trustees," and "Accounts." Compl. 4, 7. Plaintiff alleges

---

[1] This background is derived from Plaintiff's complaint and the exhibits to Defendant's motion to dismiss.

that the Federal Reserve has "infiltrated AND infected the inner most workings of the Sovereign People of this Federal Nation." Compl. ¶ 3. Plaintiff claims the Federal Reserve "has caused the unlawful criminal treasonous conversion of the People from Sovereign Citizens of a State, into residents, taxpayers, US citizens, persons, and mortgaged chattel." Id. Plaintiff seeks to have all paper money relating to her supposed "trust" account "Redeemed" for "pre 1870 Minted Treasury specie Gold and Silver Coin's." Compl. 4, 7, ¶ 4.

On June 13, 2019, Plaintiff filed a "Memorandum in Support of Complaint," further detailing how, via the Federal Reserve Act and "the Secret Bankers Manuel," an "alleged contract/Note" was "monetized and deposited in an undisclosed account." (ECF No. 5). Plaintiff stated that, through this act, "a Fraud was committed against me . . . [which was] Treason, punishable by death." Id.

On June 21, 2019, the Government filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Def.'s Mot. 1. The Government argues that the Court lacks jurisdiction over Plaintiff's claims, even if the Court were to consider the allegation in the Memorandum in Support of Complaint. Id. at 3.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The court assumes all factual allegations as true and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[The] claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400).

Plaintiff's complaint fails to state a claim that is within this Court's jurisdiction. Despite the complaint's mention of the Constitution and Congress's "long series of void acts," it does not identify a specific source of substantive law that entitles Plaintiff to money damages. To the extent Plaintiff argues that a trust or contract was formed by the issuance of her birth certificate or social security number, "[such] claims are frivolous and cannot serve as the basis for this Court's assertion of jurisdiction." Mitchell v. United States, 136 Fed. Cl. 286, 288 (2018); Rivera v. United States, 105 Fed. Cl. 644, 650 (2012) (stating that "neither a birth certificate nor a social security number evidence a contract on which a private party can sue the Government"). Finally, Plaintiff's allegations of fraud, conspiracy, or conversion related to the Federal Reserve are tort claims over which this Court lacks jurisdiction. Ammon, 142 Fed. Cl. at 219; Allstate Financial Corp. v. United States, 29 Fed. Cl. 366, 368 (1993).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Senior Judge